UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
CASE NO.:

| | |
|---|---|
| JOSE ERNESTO MARTINEZ,<br>an individual,<br><br>        Plaintiff,<br><br>v.<br><br>THE FERGUSON LIBRARY<br>a division of the City of Stamford, and<br>ERNEST DIMATTIA,<br>the President in his Official Position<br><br>        Defendants. | DATED 8/7/2007<br><br>7CV1212VLB<br><br>**307CV01212 VLB** |

## COMPLAINT

Plaintiff, JOSE ERNESTO MARTINEZ, through his undersigned counsel, hereby files this Complaint and sues THE FERGUSON LIBRARY, a division of the City of Stamford, and ERNEST DIMATTIA, President, in his official capacity, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12131 *et. seq,* ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title II of the Americans With Disabilities Act, 42, U.S.C. § 12131, et seq., (hereinafter referred to as the "ADA") and Connecticut Law. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§

1

1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a).

3. Plaintiff, JOSE ERNESTO MARTINEZ, (hereinafter referred to as "MR. MARTINEZ"), is a resident of the State of Florida.

4. MR. MARTINEZ suffers from cerebral palsy, which causes him to be confined to a wheelchair. The condition also creates a spasticity in his arms and hands, which makes it extremely difficult to grip any objects.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Defendant, THE FERGUSON LIBRARY, is a division of the City of Stamford and is a public entity within the meaning of 42 U.S.C. § 12132 of the ADA. Defendant owns; or leases; or leases to; or operates a public entity within the meaning of 42 U.S.C. § 12132 of the ADA. Defendants are responsible for complying with the obligations of the ADA. The facility that houses the Defendant's services, programs, and/or activities is known as the Ferguson Library, one Public Library Plaza, Stamford, Connecticut 06904.

7. Defendant, ERNEST DIMATTIA, is the President of the Ferguson Library and is a proper party before this court in his official capacity. Pursuant to 42 U.S.C. §12131, *et seq.*, Defendant is subject to the ADA.

8. MR. MARTINEZ travels to Stamford, Connecticut to visit his grandmother, a resident of Stamford, as well as his children from a previous marriage, who reside in nearby New Jersey.

9. All events giving rise to this lawsuit occurred in the District of Connecticut, Fairfield

County, Connecticut.

## COUNT I - VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

10. Plaintiff realleges and reavers Paragraphs 1-9 as if they were expressly restated herein.

11. The Ferguson Library ("the Property") is a public entity, subject to the ADA, located at one Public Library Plaza, Stamford, Connecticut 06904 in the county of Stamford.

12. Since April 2006 to the present, MR. MARTINEZ has visited the property, a public entity, to enjoy the services, programs and/or activities of the Defendants, several times.

13. During these visits, MR. MARTINEZ experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in Paragraph 18 of this Complaint.

14. MR. MARTINEZ continues to desire to visit the property, but continues to experience serious difficulty due to the barriers discussed in paragraph 18 which continue to exist.

15. MR. MARTINEZ plans to and will visit the property once the barriers discussed in paragraph 24 and any other barriers have been removed.

16. 42 U.S.C. §12133 provides: "[t]he remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

17. The Defendants, THE FERGUSON LIBRARY and ERNEST DIMATTIA, have discriminated against Plaintiff MR. MARTINEZ by denying him full access to the services,

3

programs, and/or activities by failing to make their public entity readily accessible as prohibited by 42 U.S.C. § 12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq.*

18. The Defendants, THE FERGUSON LIBRARY and ERNEST DIMATTIA have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by excluding and/or denying Plaintiff the benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities within five (5) years of January 26, 1992. Plaintiff has experienced numerous barriers to access on the property. These violations include, but are not limited to:

   **THE LIBRARY:**

   a. the third floor Art Gallery is inaccessible as it can only be reached with stairs and there is no policy in place for wheelchair access;

   b. the Stamford Room is inaccessible as it can only be reached with stairs and there is no policy in place for wheelchair access;

   c. inaccessible counters due to excessive heights at the Information Desk, Registration Desk, Audio Book Computer, and Directory Computer;

   d. inaccessible elevators;

   e. inaccessible water fountains;

   f. inaccessible restrooms due to lack of push side clearance at the entrance door, improper grab bar, door handles and sink faucets, and improperly placed sinks, toilets, signage, toilet flush, coat hooks,

   g. inaccessible entrances due to narrow double doors which are less than 32"

wide; and

**STARBUCKS:**

    h.    inaccessible main entrance which lacks a ramp; and

    i.    inaccessible paths of travel during into the entrance of the store.

19. The discriminatory violations described in Paragraph 18 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

20. The Defendants, THE FERGUSON LIBRARY, a public entity, and ERNEST DIMATTIA, an individual, have discriminated against MR. MARTINEZ by denying him the benefits of their services, programs, and/or activities by failing to make accommodations readily accessible as prohibited by 42 U.S.C. § 12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq.*

21. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

22. Independent of his intent to return as a patron to the stores located on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

23. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

24. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein

25. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by THE FERGUSON LIBRARY and ERNEST DIMATTIA pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against THE FERGUSON LIBRARY and ERNEST DIMATTIA, and requests the following injunctive and declaratory relief:

    A. That the Court declares that the property owned and administered by THE FERGUSON LIBRARY is in violation of the ADA;

    B. That the Court enter an Order directing THE FERGUSON LIBRARY and ERNEST DIMATTIA to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

    C. That the Court enter an Order directing THE FERGUSON LIBRARY and ERNEST DIMATTIA to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow THE FERGUSON LIBRARY and ERNEST DIMATTIA to undertake and complete corrective procedures.

    D. That the Court award reasonable attorney's fees, costs (including (including expert fees), and other expenses of suit, to the Plaintiff; and

E.  That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com

By: _____
Bar ID No.: ct25510
KU & MUSSMAN, P.A.
Attorney for Plaintiff
Ioannis A. Kaloidis, Esq.
Of Counsel
141 East Main Street
P.O. Box 2242
Waterbury, CT 06722-2242
Tel: (203) 573-1411
Fax: (203) 757-9313
jkaloidis@moynahanlawfirm.com

7