UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE ERNESTO MARTINEZ,
an individual,
:
: CIVIL ACTION NO.
Plaintiff, : 3:07-CV-01212-VLB
:
vs. :
:
THE FERGUSON LIBRARY, :
and :
ERNEST DIMATTIA, :
the President in his Official Position :
:
Defendants. : NOVEMBER 9, 2007

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:       August 08, 2007

Date Complaint Served:      August 24, 2007

Date of Defendants' Appearance:   September 14, 2007

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 31, 2007. The participants were:

For the Plaintiff                    For the Defendants

Brian T. Ku, Esq.                    Michel Bayonne, Esq.
Ku & Mussman, P.A.                   Durant, Nichols, Houston,
Suite 301                            Hodgson & Cortese-Costa P.C.
11098 Biscayne Blvd.                 1057 Broad Street
Miami, FL 33161                      Bridgeport, CT 06604

1

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsels further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

A. *Subject Matter Jurisdiction*

This Court has jurisdiction over the Plaintiff's federal claim pursuant to 28 U.S.C. §§ 1331 and 1343.

B. *Personal Jurisdiction*

Personal jurisdiction is contested.

## III. BRIEF DESCRIPTION OF THE CASE

A. *Claims of Plaintiff*

This is a suit for injunctive relief brought pursuant to the provisions of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* Plaintiff contends the Defendant is denying Plaintiff access to services, as defined under Title II of the Americans with Disabilities Act. The Plaintiff seeks an injunction requiring the removal of architectural barriers to the physically disabled that the Plaintiff

contends are readily achievable. Plaintiff also seeks reimbursement for his attorneys' fees and costs pursuant to the above mentioned statute.

    B.    *Claims and Defenses of Defendants*

Defendants deny Plaintiff's allegations and deny that they discriminated against Plaintiff or that they have in any way violated his rights. In addition, Defendants intend to raise the following defenses:

1. Failure to state a claim upon which relief may be granted;
2. Viewed in its entirety, Defendant provides access to disabled individuals of services provided; and
3. Any and all alterations or modifications required to correct any asserted violations are in the process of being made or are not readily achievable; and the action is therefore moot.
4. Plaintiff's lack of standing.

The Defendants do not in any way waive their rights to assert other and further defenses in this action.

## IV. STATEMENT OF UNDISPUTED FACTS

None at this time.

V. **CASE MANAGEMENT PLAN**

    A.    Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Order on Pretrial Deadlines entered by the Court on August 8, 2007 as follows:

    B.    Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone.

    C.    Early Settlement Conference

        1.    The parties certify that they have considered the desirability of attempting to settle the case before under taking significant discovery or motion practice. Settlement likelihood is unknown at this time.

        2.    The parties do not request an early settlement conference.

        3.    The parties do not request referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    D.    Joinder of Parties and Amendment of Pleadings

        1.    The parties shall be allowed until January 16, 2008 to Join Additional Parties. Defendants shall be allowed until February 15, 2008, to file any motion to amend the pleadings.

E. <u>Discovery</u>

1. The parties anticipate that discovery will be needed on the following subjects:

    An inspection of the Defendants' property;

    The factual basis upon which Plaintiff relies to support the causes of action alleged in the complaint;

    The amount of Plaintiff's attorney's fees, if any;

    The opinions, statements and/or observations of any expert witnesses;

    The basis for any defenses raised by the Defendants.

2. The parties stipulate to not disclose information referenced by Fed.R.Civ.P. 26(a)(1)(A)-(D).

3. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P.26(b)(4), will be commenced by November 01, 2007 and completed by March 1, 2009.

4. Discovery will not be conducted in phases.

5. The parties anticipate that the plaintiff will require depositions of 2 fact witnesses and that the Defendants will require a total of 8 depositions of fact witnesses. The depositions will commence by November 15, 2007 and be completed by March 1, 2009.

6. The parties will not request permission to serve more than 25 interrogatories.

7. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 1, 2008. Depositions of any such experts will be completed by February 1, 2009.

8. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 14, 2009. Depositions of any such experts will be completed by March 1, 2009.

F. Dispositive Motions

All Dispositive Motions will be filed on or before May 15, 2009.

G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Orders on Trial Memorandum in Civil Cases will be filed by August 3, 2009 or within 60 days after the Court renders a decision on dispositive motions, if any.

H. Trial Readiness

The case shall be ready for trial by September 15, 2009. or within 90 days after the Court renders a decision on dispositive motions, if any.

**LEAD COUNSEL FOR EACH OF THE PARTIES AS PRESENTLY OF RECORD**

By: /s/ Ioannis A. Kaloidis
    Ioannis A. Kaloidis, Esq. ct25510
    Of Counsel
    Ku & Mussman, P.A.
    11098 Biscayne Blvd., Suite 301
    Miami, FL 33161
    Tel: (305) 891-1322
    Fax: (305) 891-4512
    jkaloidis@moynahanlawfirm.com
    *Attorney for Plaintiff*

By: /s/ Loraine M. Cortese-Costa
    Loraine M. Cortese-Costa, Esq. ct03984
    Durant, Nichols, Houston,
    Hodgson & Cortese-Costa P.C.
    1057 Broad Street
    Bridgeport, CT 06604
    Tel: (203) 366-3438
    Fax: (203) 384-0317
    Lcortese-costa@durantnic.com
    *Attorney for Defendants*

*P:\lit\MB\308500\025\00064143.DOC*