UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE ERNESTO MARTINEZ,<br>an individual,<br><br>Plaintiff,<br><br>v.<br><br>FERGUSON LIBRARY<br>and<br>ERNEST DIMATTIA,<br><br>Defendants. | Civil Action No.:<br>3:07-CV-01212 (VLB)<br><br><br><br><br><br><br>November 29, 2007 |

### DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants the Ferguson Library and its President, Ernest DiMattia (collectively, "Defendants"), move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

Plaintiff Jose Ernesto Martinez ("Plaintiff") commenced this action, seeking injunctive relief, attorney's fees and costs. Plaintiff alleges that Defendants have violated the Americans with Disabilities Act of 1990 ("the ADA"), with respect to the facility that houses Defendants' services (the "Library") located at One Public Library Plaza, Stamford, Connecticut. Plaintiff's claim is that the Library is not accessible due to a variety of "architectural barriers" and thus injunctive relief is necessary to remove said barriers. However, Plaintiff has not established by his Complaint the requisite "case or controversy" that would support standing under Article III

of the U.S. Constitution for the injunctive relief sought. Accordingly, as more fully described below, dismissal of Plaintiff's Complaint is warranted.

## I. **FACTS**

Plaintiff resides in the State of Florida. (*Compl.* ¶ 3) Plaintiff alleges he suffers from cerebral palsy, which causes him to be confined to a wheelchair. (*Compl.* ¶ 4) Defendant Ferguson Library operates the public Library located in Stamford, Connecticut. (*Compl.* ¶¶ 6,11). Defendant Ernest DiMattia ("Dimattia") is the President of Ferguson Library (*Compl.* ¶ 7).

Plaintiff alleges that he travels to Stamford, Connecticut to visit his grandmother, a resident of Stamford, Connecticut, as well as his children from a previous marriage, who reside in New Jersey. (*Compl.* ¶ 8). Since April 2006, to present Plaintiff claims he has visited the Library several times to enjoy its services. (*Compl.* ¶ 12). Plaintiff alleges that he experienced serious difficulty accessing the goods and utilizing the services of the Library facility due to certain "architectural barriers."[1] (*Compl.* ¶ 13). Plaintiff further claims that he "plans to" and "will visit" the Library once the alleged barriers in the Library have been removed. (*Compl.* ¶ 15). In addition, independent of his "intent to return" to the Library, Plaintiff additionally contends that he "intends" to return to the Library as an "ADA tester" to determine whether the barriers have been remedied. (*Compl.* ¶ 22). Plaintiff's claim is that the

---

[1] Plaintiff claims these barriers include: (i) an inaccessible Art Gallery; (ii) an inaccessible Stamford Room; (iii) inaccessible counters due to height; (iv) inaccessible elevators; (v) inaccessible water fountains; (vi) inaccessible restrooms; (vii) inaccessible entrances due to narrow doors; and (viii) an inaccessible coffee shop. (*Compl.* ¶ 18).

2

lack of accessible services discriminates against the disabled generally and him specifically in violation of Title II of the ADA. (*Compl.* ¶¶ 17, 22).

## II. STANDARD OF REVIEW FOR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PLACES BURDEN ON PLAINTIFF TO PROVE JURISDICTION IS PROPER

A plaintiff bears the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In considering a motion to dismiss for lack of subject matter jurisdiction, a court must "accept as true all material factual allegations in the Complaint and refrain from drawing inferences in favor of the party contesting jurisdiction." *Serrano v. 900 5th Ave. Corp.*, 4 F.Supp. 2d 315, 316 (S.D.N.Y. 1998). The court may consider evidence outside the pleadings, such as affidavits and other documents, in determining the existence of jurisdiction. *See Makarova*, 201 F.3d at 113.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) must be granted if a plaintiff has failed to establish subject matter jurisdiction. *Golden Hill Paugussett Tribe of Indians v. Weicker*, 839 F.Supp. 130, 136 (D. Conn. 1993). Federal courts "are empowered to hear only those cases that (1) are within the judicial power of the United States, as defined by the constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress." 13 C. Wright & A. Miller, Federal Practice and Procedure Sec. 3522 (2007). Once subject matter jurisdiction is challenged, the burden of establishing it rests on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442 (1942). Unlike dismissals pursuant to Rule

3

12(b)(6), however, dismissals for lack of subject matter jurisdiction are not predicated on the merits of the claim. *Exchange Nat. Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130-31 (2d Cir. 1976) *cert. denied*, 469 U.S. 884 (1984).

### III. PLAINTIFF LACKS STANDING AND HIS COMPLAINT SHOULD BE DIMISSED

Before a federal court may reach the merits of a claim, it must first have jurisdiction. Standing is a threshold jurisdictional question derived from Article III of the U.S. Constitution, which vests federal courts with jurisdiction solely over "cases" and "controversies." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998) "The components of standing must 'be pleaded with a fair degree of specificity.'" As the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing federal jurisdiction. *Id.* at 104

It is well established that the "irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact," an invasion of a legally protected interest which is: (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id* at 560-561. The party invoking federal jurisdiction bears the burden of establishing the elements of standing and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of

evidence required at the successive stages of the litigation." *Id.* A plaintiff must have standing at the time a lawsuit is filed. *See Friends of the Earth, Inc. v. Laidlaw Envtil. Servs. (TOC), Inc.,* 528 U.S. 167, 190-91 (2000).

> 1. *Plaintiff Cannot Establish Injury in Fact Because His Suggestion of Future Injury Is Too Speculative*

Courts have held that plaintiffs lack standing to seek injunctive relief under the ADA when they have not stated an intention or desire to return to the place where they had previously encountered an ADA violation, or have failed to show a likelihood of discrimination should they return to that place. *See Shotz v. Gates*, 256 F.3d 1077, 1082 (11th Cir. 2001). In an apparent effort to overcome this obstacle, Plaintiff alleges that he still wants to visit the Library at some unspecified point in the future. (*Compl.* ¶¶ 15, 22). However, this suggestion of potential future injury is too speculative to support standing based upon on entitlement to injunctive relief. The alleged injury must be actual or imminent. *See Lujan v. Defenders of Wildlife, supra,* 504 U.S. at 564 (1992). Profession of an intent to return to places visited before "is simply not enough. Such 'some day' intentions, without any description of concrete plans, or indeed any specification of when the some day will be, do not support a finding of the 'actual or imminent' injury that our cases require." *Id.* at 563. The requirement of imminence is designed to ensure that "the alleged injury is not too speculative for Article III purposes." *Id.* at 564 n.2. Imminence is "stretched beyond the breaking point when, as here, the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at

5

least partly within the plaintiff's own control. In such circumstances we have insisted that the injury proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all." *Id.*

Here, there is no such immediacy. Plaintiff lives in Florida, and he merely asserts that he will return to the Library at some unspecified point in the future. These allegations are insufficient to support standing based on an entitlement to injunctive relief. *See Tyler v. Kansas Lottery*, 14 F.Supp.2d 1220, 1225 (D. Kan. 1998) (plaintiff's standing to seek even limited injunctive relief with respect to lottery retailers he was likely to visit when he lived in Kansas was lost when he moved to Wisconsin because he could not "prove a 'concrete and particularized' interest in ADA compliance or an 'actual and imminent' threat to his rights under the ADA by Lottery retailers in Kansas"). *Delil v. El Torito Restaurants, Inc.*, 1997 WL 714866 (N.D. Cal. June 24, 1997) (Legge, J.) (attached) (no ADA standing where plaintiff alleges discrimination occurred in a restaurant more than a hundred miles from where she lived and worked); *O'Brien v. Werner Bus Lines*, 1996 WL 82484 (E.D. Pa. Feb. 27, 1996) (Hutton, J.) (attached) (no standing where blind plaintiffs failed to show likelihood of using defendant's services in near future); *Schroedel v. N.Y.U. Med. Ctr.*, 885 F.Supp. 594 (S.D.N.Y. 1995) (no standing where hospital was not nearest to deaf plaintiff's residence and plaintiff did not regularly use hospital's services). Plaintiff alleges that he was discriminated against in a facility hundreds of miles away from where he lives. Conceivably, a Stamford, Connecticut resident who frequently visited the Library would have standing to bring a claim for injunctive relief

6

under the ADA. However, no resident of Stamford or of Connecticut or anyone other than Plaintiff, who resides in Florida, has suggested that the Library's services are inaccessible to them and, indeed, they are not. (*See* Supporting Affidavit of George N. Nichols. ("Nichols Aff.") at ¶¶ 5-9) Plaintiff has failed to allege specifically that he is likely to use the Library in the near future. The speculative nature of Plaintiff's claim is highlighted by Plaintiff's suggestion that he may visit the Library when he visits his children who reside in "New Jersey" and his grandmother in Stamford, Connecticut. Thus, Plaintiff would have this Court order injunctive relief on the chance event that while living hundreds of miles away in Florida, he will visit his children in New Jersey, then perhaps visit his grandmother in Stamford, Connecticut to then visit the Library. Moreover, even in the unlikely event that Plaintiff does return to the Library in the future, the "barriers" he is complaining about will likely have been removed as the Library had, before the commencement of this litigation, initiated plans for a renovation that will address all the alleged architectural barriers complained of in the Complaint. (*See* Nichols Aff. at ¶¶ 5,6,7); *See also Constance v. Suny Health Science Ctr.*, 166 F.Supp. 2d 663, 665-66 (N.D.N.Y. 2001)(to satisfy the injury element necessary to prove standing, a plaintiff seeking injunctive relief must, at the very least, demonstrate that "a further encounter with the defendant ... is likely to lead to a similar violation of some protected right.") Plaintiff's alleged "intent" to perhaps return to the Library as a "tester" is similarly remote and speculative and does not suggest that he is addressing any injury to himself. Accordingly, Plaintiff has failed to establish

7

a real and immediate threat of repeated injury sufficient to confer standing for injunctive relief under the ADA.

2. *Plaintiff Lacks Standing to Claim Injunctive Relief Where There is No Imminent Threat of Irreparable Harm To Him*

To have standing to obtain injunctive relief, Plaintiff must establish three elements: (1) that, absent injunctive relief, he will suffer irreparable harm; (2) that he has no adequate remedy at law; and (3) actual success on the merits. *Clarkson v. Coughlin*, 898 F.Supp. 1019 (S.D.N.Y. 1995); *Doe v. Bridgeport Police Dept.*, 198 F.R.D. 325 (D. Conn. 2001). The equitable remedy of injunctive relief is "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again, a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

Because the same facts which make Plaintiff unable to prove that he suffered injuries in fact also prevent the Plaintiff from demonstrating that there is an imminent threat of irreparable harm to him, he lacks another element of standing for injunctive relief[2]. *Tyler v. Kansas Lottery*, 14 F.Supp.2d at 1225. ("The considerations employed in a standing analysis shade into those determining whether there is a sound basis for equitable or injunctive relief."); *see also Stan v. Wal-Mart Stores, Inc.*, 111 F.Supp.2d 119 (N.D.N.Y. 2000) (plaintiff failed to show irreparable

---

[2] Under Title II of the ADA ("Title II"), pursuant to which this claim has been brought, the remedies available to Plaintiff are limited to injunctive and declaratory relief, attorney's fees and costs. 42 U.S.C. § 2000a-3(a).

harm and lacked standing in ADA claim relating to several incidents involving the use of her service dog where plaintiff did not continue to experience problems on subsequent visits, stores had policies permitting use of service animals, and plaintiff stated that she lacked interest in returning to these stores). Plaintiff has not demonstrated an imminent threat of irreparable harm, because, as set forth above, he has not alleged that he will be returning to the Library within any cognizable point in the future and, if he does, planned renovations likely will have cured and/or removed the barriers alleged in his Complaint. (*See* "Nichols Aff," at ¶¶ 5-9) Moreover, the Library maintains two other branches that offer and provide similar programs and services as the building at One Public Library Plaza and were built or renovated after the enactment of and in compliance with the ADA.[3] ADA. (*See* Nichols Aff. at ¶ 7). In fact, virtually all Library services are available to Plaintiff even at the One Public Library Plaza building with the assistance of Library employees and/or by accessing the service on another floor of the building. (*Id.*) Hence, "when viewed in its entirety," the Library with its affiliate branches complies with Title II of the ADA.[4] Accordingly, Plaintiff's allegations establish clearly that he lacks the standing to claim the injunctive relief pled.

---

[3] The regulations of Title II require each facility or part of a facility constructed by, on behalf of, or for the use of a public entity shall be designed and constructed in such manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities, if the construction was commenced after January 26, 1992 and that alterations performed to facilities after January 26, 1992 must comply with the requirements of either ADAAG or UFAS or provide "equivalent access." *See* 28 C.F.R. § 35.151(a),(b), (c).

[4] Under Title II, "[a] public entity shall operate each service, program, or activity so that the service, program, or activity, *when viewed in its entirety*, is readily accessible to and usable by individuals with disabilities." 28 C.F.R. 35.150(a). This does not "[n]ecessarily require a public entity to make each of its existing facilities accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(a)(1)(emphasis added).

3. *Plaintiff's Claim for Attorney's Fees & Costs Cannot Confer Standing*

Plaintiff's claims for attorneys' fees and costs also cannot support standing. "[A] plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit. The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself. An 'interest in attorney's fees is ... insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998) (quoting *Lewis v. Continental Bank Corp.* 494 U.S. 472, 480 (1990). Accordingly, Plaintiff does not have standing to maintain this suit.

## IV. CONCLUSION

For the reasons argued herein, Defendants urge this court to dismiss Plaintiff's Complaint.

/s/_____
Loraine M. Cortese-Costa (ct03984)
Michel Bayonne (ct24628)
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
Tel: (203) 366-3438
Fax: (203) 384-0317
lcortese-costa@durantnic.com
mbayonne@durantnic.com

Attorneys for Defendants

## **CERTIFICATION**

This shall certify that a copy of the foregoing was caused to be served via electronic mail upon the following counsel of record and pro se parties of record on this 29th day of November, 2007.

Ioannis A. Kaloidis, Esq.
Ku & Mussman - CT
141 East Main Street
P. O. Box 2242
Waterbury, CT 06722
jkaloidis@moynahanlawfirm.com

Lou Mussman, Esq.
Ku & Mussman, P.A.
11098 Biscayne blvd., Suite 301
Miami, Fl. 33161
***Via Certified Mail***

/s/_____
Michel Bayonne

P:\lit\MB\308500\025\00064679.DOC