```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT
```

JOSE ERNESTO MARTINEZ,                  :
an individual,                          :
                                        :       CIVIL ACTION NO.
         Plaintiff,                     :       3:07-cv-01212 (VLB)
                                        :
vs.                                     :
                                        :
THE FERGUSON LIBRARY                    :
a division of the City of Stamford, and :
ERNEST DIMATTIA,                        :
the President in his Official Position  :
                                        :
         Defendants.                    :       MARCH 24, 2008
                                        :

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, JOSE ERNESTO MARTINEZ, through his undersigned counsel, hereby files this First Amended Complaint and sues THE FERGUSON LIBRARY, a division of the City of Stamford, and ERNEST DIMATTIA, President, in his official capacity, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12131 *et. seq,* ("AMERICANS WITH DISABILITIES ACT" or "ADA") and the REHABILITATION ACT, 29 U.S.C.§ 794 *et. seq,* and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans With Disabilities Act, 42, U.S.C. § 12131, *et seq*., (hereinafter referred to as the "ADA") and the REHABILITATION ACT, 29 U.S.C.§ 794 *et. seq*. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a).

1

3. Plaintiff, JOSE ERNESTO MARTINEZ, (hereinafter referred to as "MR. MARTINEZ"), is a resident of the State of Florida.

4. MR. MARTINEZ suffers from cerebral palsy, which causes him to be confined to a wheelchair. The condition also creates a spasticity in his arms and hands, which makes it extremely difficult to grip any objects.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Defendant, THE FERGUSON LIBRARY, is a division of the City of Stamford and is a public entity within the meaning of 42 U.S.C. § 12132 of the ADA. Defendant owns; or leases; or leases to; or operates a public entity within the meaning of 42 U.S.C. § 12132 of the ADA. Defendants are responsible for complying with the obligations of the ADA. The facility that houses the Defendant's services, programs, and/or activities is known as the Ferguson Library, one Public Library Plaza, Stamford, Connecticut 06904.

7. Defendant, ERNEST DIMATTIA, is the President of the Ferguson Library and is a proper party before this court in his official capacity. Pursuant to 42 U.S.C. §12131, *et seq.*, Defendant is subject to the ADA.

8. MR. MARTINEZ travels to Stamford, Connecticut to visit his grandmother, a resident of Stamford, as well as his children from a previous marriage, who reside in nearby New Jersey.

9. All events giving rise to this lawsuit occurred in the District of Connecticut, Fairfield County, Connecticut.

## COUNT I - VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

10. Plaintiff realleges and reavers Paragraphs 1-9 as if they were expressly restated herein.

11. The Ferguson Library ("the Property") is a public entity, subject to the ADA, located at one Public Library Plaza, Stamford, Connecticut 06904 in the county of Stamford.

12. Since April 2006 to the present, MR. MARTINEZ has visited the property, a public entity, to enjoy the services, programs and/or activities of the Defendants, several times.

13. During these visits, MR. MARTINEZ experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in Paragraph 21 of this Complaint.

14. MR. MARTINEZ continues to desire to visit the property, but continues to experience serious difficulty due to the barriers discussed in paragraph 21 which continue to exist.

15. MR. MARTINEZ plans to and will visit the property during his next two trips to Connecticut in March and July, however, he fears that he will face the same barriers to access as discussed in paragraph 21 and any other barriers have been removed.

16. MR. MARTINEZ has booked a reservation to return to Connecticut to visit his grandmother and children for a week from March 22 - March 31, 2008, and has plans to travel again to Connecticut for a month from mid July through mid August, 2008.

17. MR. MARTINEZ is currently looking for employment in the New York City area and has plans to relocate to his grandmother's residence at the end of this year to be closer to his family.

18. Mr. MARTINEZ enjoys frequenting the Library and the Starbucks located at the property, which is just one mile from his grandmother's residence.

19. 42 U.S.C. §12133 provides: "[t]he remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

20. The Defendants, THE FERGUSON LIBRARY and ERNEST DIMATTIA, have discriminated against Plaintiff MR. MARTINEZ by denying him full access to the services, programs, and/or activities by failing to make their public entity readily accessible as prohibited by 42 U.S.C. § 12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq*.

21. The Defendants, THE FERGUSON LIBRARY and ERNEST DIMATTIA have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by excluding and/or denying Plaintiff the benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities within five (5) years of January 26, 1992. Plaintiff has experienced numerous barriers to access on the property. These violations include, but are not limited to:

    **THE LIBRARY:**

    a. the third floor Art Gallery is inaccessible as it can only be reached with stairs and there is no policy in place for wheelchair access;

    b. the Stamford Room is inaccessible as it can only be reached with stairs and there is no policy in place for wheelchair access;

c. inaccessible counters due to excessive heights at the Information Desk, Registration Desk, Audio Book Computer, and Directory Computer;

d. inaccessible elevators;

e. inaccessible water fountains;

f. inaccessible restrooms due to lack of push side clearance at the entrance door, improper grab bar, door handles and sink faucets, and improperly placed sinks, toilets, signage, toilet flush, coat hooks,

g. inaccessible entrances due to narrow double doors which are less than 32" wide; and

**STARBUCKS:**

h. inaccessible main entrance which lacks a ramp; and

i. inaccessible paths of travel during into the entrance of the store.

22. The discriminatory violations described in Paragraph 21 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

23. The Defendants, THE FERGUSON LIBRARY, a public entity, and ERNEST DIMATTIA, an individual, have discriminated against MR. MARTINEZ by denying him the benefits of their services, programs, and/or activities by failing to make accommodations readily accessible as prohibited by 42 U.S.C. § 12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq*.

24. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

25. Independent of his intent to return as a patron to the stores located on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

26. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

27. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

28. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by THE FERGUSON LIBRARY and ERNEST DIMATTIA pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against THE FERGUSON LIBRARY and ERNEST DIMATTIA, and requests the following injunctive and declaratory relief:

    A. That the Court declares that the property owned and administered by THE FERGUSON LIBRARY is in violation of the ADA;

    B. That the Court enter an Order directing THE FERGUSON LIBRARY and ERNEST DIMATTIA to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C. That the Court enter an Order directing THE FERGUSON LIBRARY and ERNEST DIMATTIA to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow THE FERGUSON LIBRARY and ERNEST DIMATTIA to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II
## VIOLATIONS OF THE REHABILITATION ACT AGAINST THE FERGUSON LIBRARY

29. Plaintiff adopts and re-alleges the allegations contained in Paragraphs 1-28 as if fully stated herein.

30. Plaintiffs bring this claim against the Defendant, THE FERGUSON LIBRARY, based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq.*

31. The Rehabilitation Act provides that:

> No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under

any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

32. As set forth herein, the Defendant, FERGUSON LIBRARY, has violated the Rehabilitation Act by intentionally excluding the Plaintiff, solely by reason of his disabilities, from the participation in, and denying him the benefits of, and have otherwise subjected them to discrimination under, the FERGUSON LIBRARY's programs and activities.

33. A non-exclusive list of the FERGUSON LIBRARY's violations of the Rehabilitation Act and discriminatory conduct against the Plaintiff are evinced by:

    A. denying Plaintiff access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by Defendants;

    B. by otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive Defendants's aids, benefits and services;

    C. making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by Defendants;

D. failing to make reasonable modifications in policies, practices and procedures which modifications are necessary to avoid discrimination on the basis of disability;

E. failing to administer services, programs and activities in the most integrated setting appropriate to the needs of Plaintiff;

F. excluding Plaintiff from participation in, and the benefits of, Defendants' services programs and activities as a result of Defendants' facility being inaccessible to or unusable by Plaintiff;

G. failing to operate each program, service and activity so that the programs, services and activities are readily accessible to and useable by individuals with disabilities;

H. failing to design and/or construct new facilities, or alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities;

I. failing to take appropriate steps to insure that communications with applicants, participants and members of the public with disabilities are as effective as communications with others;

34. Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at THE FERGUSON LIBRARY which Plaintiff is more likely than not going to encounter upon his future visits to the subject premises. Plaintiff brings this action:

> A. to redress injuries suffered as a result of Defendants' discriminatory actions and inactions set forth herein;
>
> B. to reasonably avoid further and future injury to Plaintiff as a result of Defendants' ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the Act;
>
> C. to ensure Defendants' facility is accessible as required by the relevant applications of Titles II of the ADA, over thirteen years after the effective date of the ADA.
>
> E. to be made whole and ensure future compliance; and,
>
> F. to reasonably avoid future ADA and REHABILITATION ACT litigation involving the same property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

Only through a complete inspection of the premises and related facilities, undertaken by Plaintiff and/or his representatives, can all said violations be measured and cured so as to ensure access for the disabled, the primary purpose of this action.

35. Upon information and belief, THE FERGUSON LIBRARY is the recipient of Federal Funds. As the recipients of federal funds, Defendants is liable for damages to the Plaintiff as a result of THE FERGUSON LIBRARY's acts and omissions constituting intentional discrimination.

36. As set forth above, the Plaintiff has been denied access to, and have been, and without the relief requested herein will continue to be denied the benefits of the services, programs, facilities, activities and accommodations offered by THE FERGUSON LIBRARY solely by

reason of his disability, and have otherwise been discriminated against and damaged solely by reason of his disability as a result of THE FERGUSON LIBRARY's Rehabilitation Act violations set forth above.

37. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from THE FERGUSON LIBRARY pursuant to 29 U.S.C. §794(b).

38. Pursuant to 29 U.S.C. §794a this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject premises, facilities, services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting the plaintiffs compensatory damages for THE FERGUSON LIBRARY's discriminatory actions.

WHEREFORE, Plaintiff demands judgment against THE FERGUSON LIBRARY and requests the following injunctive and declaratory relief:

    A.    That the Court declares that the property owned by THE FERGUSON LIBRARY is in violation of the Rehabilitation Act;

    B.    That the Court enter an Order enjoining THE FERGUSON LIBRARY from continuing their discriminatory practices;

C. That the Court enter an Order directing the Defendants to alter and modify the subject premises, facilities, services, activities, programs and accommodations as appropriate to comply with the Rehabilitation Act;

D. That the Court enter an Order closing the subject premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed;

E. That the Court award reasonable attorneys' fees, costs and litigation expenses incurred in this action, and;

F. That the Court award Plaintiff an award of compensatory damages as well as such further relief that the Court deems to be just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com

By: /s/ Ioannis A. Kaloidis
     Bar ID No.: ct25510
     KU & MUSSMAN, P.A.
     Attorney for Plaintiff
     Ioannis A. Kaloidis, Esq.
     Of Counsel
     141 East Main Street
     P.O. Box 2242
     Waterbury, CT 06722-2242
     Tel: (203) 573-1411

Fax: (203) 757-9313
jkaloidis@moynahanlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to: Loraine M. Cortese-Costa, Esq., and Michel Bayonne, Esq., Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. , 1057 Broad St., Bridgeport, CT 06604 on this 24th day of March, 2008.

By:/s/ Ioannis A. Kaloidis
Ioannis A. Kaloidis (ct25510)