UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE ERNESTO MARTINEZ, an individual, : : : Plaintiff, : : vs. : : THE FERGUSON LIBRARY a division of the City of Stamford, and ERNEST DIMATTIA, the President in his Official Position : : : : : Defendants. : : | CIVIL ACTION NO. 3:07-cv-01212 (VLB) |

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND ACCOMPANYING MEMORANDUM OF LAW

Plaintiff, JOSE ERNESTO MARTINEZ (hereinafter "Mr. Martinez"), by and through its undersigned counsel, files this Response in Opposition to Defendant's Motion to Dismiss and Accompanying Memorandum of Law, and in support thereof states as follows:

1. On August 8, 2007, Plaintiff filed the instant action, alleging Defendant has violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131, et seq. due to the various barriers to access at Defendant's facility located at One Public Library Plaza, Stamford, CT 06904 ("Property").

2. On November 29, 2007, Defendant served Plaintiff with their Motion to Dismiss.

3. On March 24, 2008, Plaintiff filed his First Amended Complaint. Plaintiff's First Amended Complaint renders Defendant's Motion to Dismiss moot by clarifying Plaintiff's intent

1

to return to the Property. However, if the Court does not agree, Plaintiff files this Response in Opposition to Defendant's Motion to Dismiss.

4. In Defendant's Motion to Dismiss, it challenges Plaintiff's standing on jurisdictional grounds by arguing that Plaintiff is not under imminent threat of future injury and in the alternative argues that Plaintiff's claims are moot because it hired an architect who drafted proposed construction drawings.

5. This Motion should have been brought under Fed. R. Civ. P. Rule 12(b)(6) because Plaintiff's standing, specifically his intention to return to Defendant's Property, is an essential element to this ADA action.

6. Plaintiff overcomes the Fed. R. Civ. P. Rule 12(b)(6) standard because he has pled that he is disabled, that he encountered barriers to access at Defendant's facility, and that he intends to return to Defendant's facility on his next two (2) trips to Connecticut both as a patron who enjoys the goods and services provided by both Ferguson Library and Starbucks and as an ADA tester to verify if the barriers have been remedied.

7. However, if the Court wishes to proceed under Fed R. Civ. P. Rule 12(b)(1), the evidence presented in Plaintiff's affidavit satisfies his burden of standing due to his familial ties to the area, his past patronage of the Ferguson Library and neighboring Starbucks, and his frequency of travel to Stamford.

8. In fact, Mr. Martinez visited Defendant's Property earlier today and encountered the same barriers as he did on past visits.

9. Lastly, Defendant's submission of affidavits promising to remedy the alleged barriers does not overcome the formidable burden of proving that Plaintiff's claims are moot.

I.  **THIS COURT SHOULD CONVERT DEFENDANT'S FED. R. CIV. P. RULE 12(b)(1) MOTION INTO A FED R. CIV. P. RULE 12(b)(6) BECAUSE DEFENDANT DISPUTES AN ESSENTIAL ELEMENT TO PLAINTIFF'S CAUSE OF ACTION**

Defendant submits its Motion to Dismiss pursuant to Rule 12(b)(1), exclusively. The federal courts in a long string of cases have held that "jurisdictional dismissals in questions premised on federal-question jurisdiction are exceptional and must satisfy the requirement specified in Bell v. Hood, 327 U.S. 678 (1946)." Sun Valley Gas, Inc. v. Ernst Enters., Inc., 711 F.2d 138, 140 (9th Cir. 1983). The Second Circuit adopted Bell in AVC Nederland B.V. v. Atrium Investment Partnership, 740 F.2d 148, 152-53 (2nd Cir. 1984) stating: "when the contested basis of federal jurisdiction is also an element of plaintiff's asserted federal claim, the claim should not be dismissed for want of jurisdiction except when it 'appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'"

In this case, the issue of whether Plaintiff will be injured again in the future is an essential element of Plaintiff's cause of action. The jurisdictional issue and the substantive issue are so intertwined that analysis under Rule 12(b)(1) is not appropriate. Specifically, Congress provided the remedy of injunctive relief to any person who is being "excluded from participation" or who has reasonable grounds for believing they will be subjected to discrimination in the future. See 42 U.S.C. §§12132, 12133. These are precisely the same elements that Defendant, in the instant Motion, challenge as "jurisdictional."

Because the substantive and jurisdictional elements are the same, analysis under Rule 12(b)(1) is improper. Rather, the analysis should be conducted under the more lenient standard of

3

Rule 12(b)(6), which requires the Court to accept all factual statements alleged in the Complaint as true and draw all reasonable inferences in favor of the non moving party, and limit the Court's analysis to the four corners of the Complaint. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2nd Cir. 2006).

### A. RULE 12(b)(6) ANALYSIS

In order to state a claim under Title II of the ADA, plaintiff must allege that she is disabled within the meaning of the ADA, that she is being excluded from participation in or the benefits of some service, program, or activity by reason of her disability, and that the entity which provides the service, program, or activity is a public entity. Civic Ass'n of the Deaf v. Giulianni, 970 F. Supp. 352, 358 (S.D.N.Y. 1997). Plaintiff has accomplished this through his First Amended Complaint. Plaintiff has pled that he is disabled and requires a motorized wheelchair for mobility, that he visited Defendant's facility, and encountered barriers to access which caused him to be excluded from participation in Defendant's services, and that Defendant is a public entity. See First Amended Complaint at ¶¶4,5,6,20,21. Consequently, if this Court applies the Rule 12(b)(6) standard and accepts all of Plaintiff's allegations as true, Defendant's Motion to Dismiss should be denied.

**II. EVEN IF THE COURT APPLIES THE FED. R. CIV. P. RULE 12(b)(1) STANDARD, PLAINTIFF HAS DEMONSTRATED THAT IT IS PLAUSIBLE THAT HE WILL RETURN TO DEFENDANT'S FACILITY.**

As Defendant points out, parties seeking injunctive relief under the Americans With Disabilities Act must meet the irreducible, constitutional standing under Article III, Section 2 of the United States Constitution by showing that (1) they have suffered an injury-in-fact to a legally protected interest that is concrete and particularized and (2) actual or imminent, not conjectural or hypothetical; that (3) there is a casual connection between the injury and the conduct complained of;

and, that (4) the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

In its Motion, Defendant confines its argument to the second prong of the Lujan test, claiming that Plaintiff fails to show evidence of **imminent** future injury sufficient to establish standing for the relief requested. Defendant argues that because Mr. Martinez lives in Florida, he is not likely to return to Defendant's facility. Essentially, Defendant is asking this Court to write a provision into the ADA which bars non-state residents from bringing suits despite Congressional intent that civil rights laws be broadly construed. Steger v. Franco, Inc., 228 F.3d 889 at 894 (8th Cir. 2000).

In Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1138 (Cal. 2002), in holding that the plaintiff had standing, the court stated that in order to demonstrate imminent future injury, plaintiff must demonstrate that it is **plausible** that he intends to return to the facility. See also Camarillo, 2008 WL 341544 at *5. The court in Pickern held that plausibility was present, despite plaintiff residing 70 miles from defendant's facility, because he visited his grandmother in the area and enjoyed shopping at defendant's franchises. Id.; see also D'Lil v. Stardust Vacation Club, 2001 U.S. Dist. LEXIS 23309, No. Civ-S-00-1496, 2001 WL 1825832, at *4 (E.D. Cal. Dec 21, 2001) (plaintiff demonstrated imminent future injury because she had a history of travel to the area, and she had particular reasons for seeking accommodation at the hotel); Access Now, Inc. v. South Florida Stadium Corp., 161 F. Supp. 2d 1357, 1364 (S.D. Fla. 2001) (plaintiff who testified that he would return to stadium, particularly if the alleged barriers were removed, had standing); Ass'n for Disabled Americans v. Claypool Holdings, 2001 U.S. Dist. LEXIS 23729, No. IP00-0344-C-T/G, 2001 WL 1112109, [*23] at *20 (S.D. Ind. Aug. 6, 2001) (plaintiff had standing who "expressed a

5

desire to stay overnight at the Embassy Suites on future visits to Indianapolis if the hotel were ADA compliant" and who presented evidence that he traveled to Indianapolis at least once a year); Parr v. L & L Drive-Inn Restaurant, 96 F. Supp. 2d 1065, 1080 (D. Haw. 2000) (holding that plaintiff had demonstrated standing because of his preference for defendant's franchises). Similarly, in the case at bar, Mr. Martinez states that he frequently visits his grandmother in Connecticut, that his grandmother lives just 1 mile from Defendant's facility, that his children live in nearby New Jersey, and that he enjoys the goods and services provided at the Ferguson library and Starbucks located at the Property. In fact, Mr. Martinez is presently in Connecticut staying with his grandmother, see Affidavit of Martinez at ¶¶ 6,7, 8,10,11, and visited the Property earlier today. Accordingly, based on Plaintiff's Affidavit and First Amended Complaint, this Court should hold that Mr. Martinez has a plausible intent to return to Defendant's facility and deny Defendant's Motion to Dismiss.

Similarly, in Access 4 All, Inc., v. Trump International Hotel, 458 F.Supp.2d 160, 168, the court held that plaintiffs had overcome the burden of standing at the summary judgment stage because a genuine question of material fact existed as to whether plaintiff had a plausible intention or desire to return to Trump Tower. Citing the same cases as Defendant in the case at bar, Trump Hotel argued that it was not plausible as a matter of law that plaintiff intended to return to defendant's facility because he lived "more than a thousand miles from [defendant's facility]." Id. at 169. However, the court disagreed, and held that "[plaintiff's] specific intention to return to Trump Tower is plausible...particularly because he evidences a desire to return to Jean Georges, which is located in [defendant's] building." Id at 170. In the case at bar, Plaintiff has stated that he intends to go back to the facility, travels to Connecticut often, stays with his family who reside 1

mile from Defendant's facility, and prefers the Ferguson Library main branch and Starbucks because he enjoys the services they provide. See Affidavit of Martinez at ¶¶ 7,8,10,11.

Defendant additionally argues that Plaintiff "has failed to allege specifically that he is likely to use the Library in the near future." Defendant's Motion at 7. However, in its First Amended Complaint, Plaintiff clearly states that he intends to return to Defendant's facility during his next two visits to Connecticut in March and July. See Plaintiff's First Amended Complaint at ¶¶ 15, 16. Furthermore, one does not go the library or the Starbucks by appointment at a date and time certain. Library and coffee house visits are typically made at the spur of the moment when one is in the mood to relax with a book and a cup of coffee. In Parr v. L&L Drive-Inn Restaurant, 96 F. Supp. 2d 1065,1079-80 ( D. Hawaii 2000), the court held that plaintiff had standing because of plaintiff's past patronage of other franchised L & L restaurants despite the fact that plaintiff did not allege a specific date he would return to defendant's facility. The court further stated:

> Visiting a fast food restaurant, as opposed to a hotel or professional office, is not the sort of event that requires advance planning or the need for a reservation. Fast food restaurants like L&L do not take reservations. Therefore, in contrast to the above cited cases, specification as to a date and time of returning to this public accommodation is impossible due to the nature of the event. Fast food patrons visit such restaurants at the *spur of the moment*. Once a person determines that he or she likes a fast food restaurant, that person's return is on impulse. (Emphasis added)

The Parr court further explains its rationale by stating:

> If this Court rules otherwise, like defendants would always be able to avoid enforcement of the ADA. This Court is "reluctant to embrace a rule of standing that would allow an alleged wrongdoer to evade the court's jurisdiction so long as he does not injure the same person twice. " Independent Living Resources v. Oregon Arena Corporation, 982 F. Supp. 698, 702 (D. Or. 1997). The provisions of the ADA would go unenforced, the alleged unlawful conduct would persist, and Defendant would not be held accountable. Cf. Lyons, 461, U.S. at 112-13, 103 S.Ct. 1660...Based on Plaintiff's past visits to L&L restaurants, Plaintiff's intent to return, and in light of Congress' decision to allow the private enforcement of the ADA, this Court concludes that Plaintiff has satisfied the first prong of the Lujan test.

7

Id. Accordingly, in the case at bar, based on Plaintiff's past patronage of the Ferguson Library and Starbucks, Plaintiff's intent to return, and Plaintiff's family ties to the area, Defendant's Motion to Dismiss should be denied.

**III. SUBMISSION OF AFFIDAVITS PROMISING TO REMEDY ALL ADA BARRIERS FROM DEFENDANT'S FACILITY AT SOME UNDETERMINED TIME IN THE FUTURE FAILS TO OVERCOME THE HEAVY BURDEN OF MOOTNESS**.

With regard to mootness, courts must start with the premise that "[a] defendant's voluntary cessation of a challenged practice ordinarily does not deprive a federal court of its power to determine the legality of the practice." City of Mesquite v. Aladdin's Castle, Inc.. 455 U.S. 283, 289. If it did courts would be compelled to leave the defendant free to return to its old ways. Thus, the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent. Friends of the Earth. Inc. v. Laidlaw Environmental Services,. 528 U.S. 167, 170(2000).

Indeed, voluntary cessation of an illegal course of conduct does not render moot a challenge to that course of conduct unless: (1) it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to reoccur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979). Only when both of these conditions have been satisfied by the moving party may it be said that the action is moot. Id. Defendant bears the "formidable burden" of proving that Plaintiffs' claims are moot. Friends of the Earth. Inc., 528 U.S. at 190; see also United States v. W.T. Grant Co.. 345 U.S. 629, 632-33 (1953)(the burden of demonstrating mootness "is a heavy one.").

In the instant case, Defendant claims to have met this "formidable burden" by showing nothing more than one affidavit from Defendant's General Counsel and a letter from Defendant's

8

architect. See Defendant's Exhibit 1. In the letter, Defendant's architect alleges that plans are "scheduled to go out to bid in 2007." Id. However, the letter only addresses barriers at the library and completely ignores barriers at Starbucks, located in the building. Id. See also Affidavit of Michael Clark ¶¶ 8,9. Further, the plans are vague and lack specific detail regarding exactly how the items discussed in the First Amended Complaint will be made accessible. Id. at ¶10. Indeed, even if everything stated in the letter were true, which Plaintiff denies, this case still would not be rendered moot due to the unaddressed issues at Starbucks.

The fundamental problem with Defendant's approach is that even today, if Plaintiff revisits the Property, he will be denied access and suffer discrimination.. Accordingly, it is clear that despite Defendant's tenuous plans, discrimination is ongoing, and will be unless and until Defendant is compelled to **actually** remove each and every barrier to access at the facility. Thus, it is without dispute that, at least at this point in time, Defendant has failed to meet the second element of the mootness analysis; that is, the "relief afforded by Defendant (i.e. requesting bids) has not "completely and irrevocably eradicated the effects of the alleged violation." County of Los Angeles, 440 U.S. at 631.

Further, there will continue to exist a high degree of uncertainty until such time as the changes are **actually** implemented, thereby precluding Defendant from being able to satisfy its "formidable burden." For example, Defendant's Motion states that the plans are scheduled to go out for bid in 2007, however, as of today, Defendant has not indicated if it has actually followed through. If it has, what contractors have been hired, and what work have they been hired to do. The Court simply does not have enough information to warrant a dismissal based on mootness. At the very least, until the barriers are actually removed, Defendant cannot meet their "formidable burden" of proving that it is "absolutely

clear" that the wrongful behavior cannot recur. In short, it is improper to dismiss an action based on a defendant's promise during litigation that it may someday correct the problem.

While this is a matter of first impression in this District, the Southern District of Florida has analyzed this same issue in the context of a Title III ADA action, and found that allegations, such as those presented by Defendants in the instant case, are insufficient to support summary judgment. In <u>Access for the Disabled, Inc.. v. Gary Caplan, Tr.</u>, Case No.: 01-7310-Civ-Jordan, the defendant claimed that the action was moot because it had submitted applications for building permits to the City, and that once approved, the subject property would be brought into compliance with the ADA. The Honorable Adalberto Jordan, United States District Court Judge, rejected this reasoning, and held as follows:

> Mr. Caplan argues that because he has undertaken steps to remove barriers to access at the Central Medical Plaza, the plaintiffs' claims are moot and should be dismissed. Mr. Caplan has submitted architectural plans to the City of Coral Springs that would bring the parking lot into compliance. A claim for injunctive relief, however, is moot only if "it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur," and "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." <u>Friends of the Earth. Inc. v. Laidlaw Environmental Services (TOC), Inc.</u>, 528 U.S. 167, 190 (2000).
> The submission of plans for construction at some future undetermined date is insufficient to satisfy Mr. Caplan's "formidable burden." It is unclear whether the city will approve the plans - - they were submitted nine months ago - - and even if they are approved, there is no guarantee Mr. Caplan will implement them.

<u>Id.</u> at Pg 8 (emphasis added).

Moreover, in <u>Access for Disabled v. Gateway Florida Properties</u>, Case No. 02-60674 (S.D. Fla. 2002)., the Florida Southern District court denied a defendant's motion for summary judgment where defendant had already completed the majority of renovations needed for ADA compliance, had stated that the remainder of the violations "will be" or were in the process of being remedied, and that all necessary permits had been applied for. <u>See also</u> <u>Chaffin v. Kansas State Fair Board</u>, 348 F. 3d 850, 865

(10th Cir. 2003) (stating that defendant should have performed its ADA transition plan 10 years ago and that the court is hesitant to declare the matter moot when defendant compiled its plan two weeks after summary judgment papers were filed).

Similarly, in the case at bar, Defendant had over ten (10) years from the date Congress mandated the removal of barriers to effect compliance, yet did nothing. Now Defendant would like for this action to be dismissed merely because it has hired an architect and drawings are "scheduled to go out to bid in 2007." Defendant's Exhibit 1. Forgive Plaintiff if he is not reassured by such unsupported promises from an entity that has proven that only Court intervention and the press of trial will cause them to take action.

There is little doubt that the only means to ensure that Defendant will actually remove **all** barriers, and follow through on its promise, is with the continued persistence of Plaintiff and the assistance of the Court. In fact, it is Plaintiff's belief is that this litigation is the only reason that Defendant is taking any action, and it is equally clear that the only means to ensure that Defendant will continue on its course, and follow through with its promise to remove all barriers to access at the facility, will be this litigation.

Without a Court order, or actual completion, there is simply no guarantee that the work will ever be complete, nor that Defendant will not revert back to its old ways once the action is dismissed. As the court held in Barnes v. Healy, 980 F.2d 572, 580 (9th Cir. 1992), "Although we commend Healy for his willingness to comply voluntarily with the preliminary injunction, we do not regard this issue as moot... [The defendant] might find it convenient at any time to dispense with notice to non-AFDC custodial parents. The entire class is entitled to the protection of an enforceable order to ensure that past due process violations will not be repeated." Likewise, in the instant case, without a Court order compelling Defendant

to remove the barriers to access at the facility, Defendant would be free to dispense with its efforts to obtain building permits and actually implement the barrier removal plans. Id.

The bottom line is that where the viability of a case is challenged because of a defendant's voluntary conduct, courts must take special caution before mooting a case. Firstly, no case may be dismissed where, as here, the voluntary relief offered has not "completely and irrevocably eradicated the effects of the alleged violation." See County of Los Angeles, 440 U.S. at 631. In this case, it is clear that the barriers to access still remain at the Property, and that even today, as Plaintiff visited the Property, he suffered discrimination. Thus, Defendant's Motion to Dismiss is inappropriate.

Moreover, courts must guard against a party who seeks to change its conduct to correct a violation only to reinstate the conduct after the case has been dismissed as moot. Friends of the Earth, 528 U.S. at 189. Accordingly, where, as here, the Defendant has merely hired an architect and created designs, which are not yet approved, and on which Defendant has not commenced work nor even committed to commencing work, Defendant's Motion to Dismiss is inappropriate and should be denied. See County of Los Angeles, 440 U.S. at 631 (The defendant bears the formidable burden of proving that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to reoccur").

WHEREFORE, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(1) should be denied and for all other relief that the Court deems necessary and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322

Fax: (305) 891-4512
louis@kumussman.com

By: /s/ Ioannis A. Kaloidis
    Ioannis A. Kaloidis (ct25510)
    KU & MUSSMAN, P.A.
    Attorneys for Plaintiff
    Of Counsel
    141 East Main Street
    P.O. Box 2242
    Waterbury, CT 06722-2242
    Tel: (203) 573-1411
    Fax: (203) 757-9313
    jkaloidis@moynahanlawfirm.com

**CERTIFICATE OF SERVICE**

HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to: Loraine M. Cortese-Costa, Esq., and Michel Bayonne, Esq., Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C., 1057 Broad St., Bridgeport, CT 06604 on this 24th day of March, 2008.

    By: /s/ Ioannis A. Kaloidis
        Ioannis A. Kaloidis (ct25510)